**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGELINA LOYA-MARTINEZ, | No.    17-72378 |
| Petitioner, | Agency No. A095-799-284 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019**

Before:      McKEOWN, BYBEE, and OWENS, Circuit Judges.

Angelina Loya-Martinez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") order denying her motion to reopen. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law.

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

We reject as unsupported Loya-Martinez's contention that the BIA's decision not to reopen proceedings sua sponte was premised on an erroneous or incomplete assessment of the applicable law on provisional unlawful presence waivers. *See* 8 C.F.R. § 212.7(e). In the absence of any legal or constitutional error, we lack further jurisdiction to review the BIA's decision not to reopen proceedings sua sponte. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (the court's jurisdiction to review BIA decisions denying sua sponte reopening is limited to reviewing the reasoning behind the decisions for legal or constitutional error).

We do not reach Loya-Martinez's contentions regarding the IJ's decision because the BIA wrote its own decision. *See Aden v. Holder*, 589 F.3d 1040, 1043 (9th Cir. 2009) (the court reviews only the BIA decision if the BIA wrote its own decision); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (review is limited to the actual grounds relied upon by the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**